1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8 | UNITED STATES OF AMERICA,        Case No.  5:23-cr-00312-EJD-1

9 |                 Plaintiff,        **ORDER OF RESTITUTION**

10 |         v.

11 | IVAN DELACRUZ,

12 |                 Defendant.

13         On April 15, 2024, the Court sentenced Defendant, Ivan Delacruz ("Defendant"), to 120

14 months in custody, ten years supervised release, and a $100 special assessment.  Minute Entry for

15 Sentencing Hearing, ECF No. 24.  On July 9, 2024, the Court held a restitution hearing and

16 ordered $5,000 in restitution to the victim of the "aprilblonde" series, $5,000 to the victim of the

17 "Vicky" series, and $3,000 to each of the remaining fourteen victims.  Minute Order for

18 Restitution Hearing, ECF No. 42.  The Court set the rate of restitution at $50 per month.  *Id.*  The

19 Court expands on those findings here.

20         Defendant pled guilty to 18 U.S.C. § 2252(a)(4)(B) and (b)(2) for possession of child

21 pornography.  Plea Agreement, ECF No. 11.  This offense gives rise to mandatory restitution

22 under 18 U.S.C. § 2259.  Pursuant to Section 2259, the Court must determine the full amount of

23 the victim's losses, or reasonably projected future losses, incurred as a result of the offense and

24 order restitution in an amount that reflects the defendant's relative role in causing the victim's

25 losses.  18 U.S.C. §§ 2259(b)(2)(A), (B).  The mandatory restitution to each victim must be no less

26 than $3,000.  *Id.* § 2259(b)(2)(B).

27         The Supreme Court in *Paroline v. United States* provided a non-exhaustive list of factors

28

for courts to consider as "rough guideposts" to determine the appropriate amount of restitution under Section 2259.  572 U.S. 434, 460 (2014).  The Supreme Court found that, while it "may not be possible to identify a discrete, readily definable incremental loss" caused by a particular defendant, "it is indisputable" that a defendant who possesses or traffics a victim's images "is part of the overall phenomenon that caused her general losses."  *Id.* at 456–57.  Thus, the analysis "cannot be a precise mathematical inquiry and involves the use of discretion and sound judgment."  *Id.* at 459.  With a focus on the broad remedial purpose of Section 2259, the factors courts may consider include:

> the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

*Id.* at 460.

Here, the victim of the "aprilblonde" series claims a total and ongoing loss of $3,604,254.00: $2,445,643.00 in economic losses; $257,623.00 in psychological losses; and $900,988.00 in attorney's fees.  *See* U.S. Restitution Memo. 7, ECF No. 33.  The victim reports that she has recovered $373,198.00 of her losses but is unaware of how many prior restitution orders have been awarded.  *Id.*  The victim submitted a statement and documentation to support her loss calculations.  The victim's statement speaks to the challenges of bearing her trauma as a teenager and the anxiety caused by reliving her abuse through the ongoing viewing of her image.  The victim requested $5,000 in restitution for these damages.  *Id.*

The victim of the "Vicky" series claims a total and ongoing loss of $6,008,536.29: $4,751,515.00 in medical costs; $164,475.00 in psychotherapy expenses; $936,646.00 in lost income; $102,570.29 in documentation fees and expenses; and $53,330.00 in lost earnings resulting from educational and vocational disruption.  *See* U.S. Restitution Memo. 7.  The victim

Case No.: 5:23-cr-00312-EJD-1
RESTITUTION ORDER

reports that she has recovered $2,955,967.00 from 2,051 prior restitution orders, of which 1,444 defendants have made some payment. *Id.* The victim, her husband, her mother, and her stepfather submitted statements and documentation to support her loss calculations. The victim is now a parent, and her statement speaks of her nightmares, panic attacks, flashbacks, and stress from knowing that her image is still being spread around the internet. The victim asked for $10,000 in restitution for these damages. *Id.*

The remaining fourteen victims did not submit requests for a restitution order exceeding the statutory minimum.

As stated in the record, in reaching its conclusion, the Court carefully weighed the *Paroline* factors and reviewed the victims' statements and the specific requests therein.

Regarding the *Paroline* factors, the Court remained mindful of the need to disaggregate the harms caused by this one Defendant's conduct with the harms caused by others, observing that it would be inappropriate to order any restitution for damages incurred before the conduct in this case or as the result of other offenders. The Court also noted the speculative nature of predicting how many others are likely to possess these images and be convicted of that offense in the future given the facts of this case. The Court further observed that Defendant did not produce, distribute, or have any connection with the initial production of the images, and Defendant possessed only one image of each of the two victims—although he did participate in commerce by purchasing these images through a subscription. The Court also considered the fact that Defendant was aware of the serious harm that results from viewing these images. While the Court does not punish Defendant for any conduct prior to the conduct charged here, the Court noted that Defendant had previously seen the damage his conduct causes victims during a prior sentencing hearing in a separate case.

Regarding the losses specific to these two victims, the Court observed that the continued viewing of these images can cause serious and lasting damage to victims psychologically, emotionally, and otherwise, such that professional help by way of therapy and medical intervention is expected. The Court saw the realities of these damages reflected in the victims' statements,

1   where they spoke of the specific impact the viewing of these images have had on themselves and

2   their families, and included professional opinions regarding what degree of care is required to

3   remedy that damage.  The requested care includes psychotherapy sessions, psychiatric treatment,

4   family and marital therapy, and group therapy for victims of sexual abuse.

5           Upon these considerations, the Court ordered $5,000 to both victims, as well as $3,000, the

6   statutory minimum, to the remaining fourteen victims.  The Court found that a restitution order of

7   $5,000 to the two victims of the "aprilblonde series" and the "Vicky" series does not offend the

8   interests of justice.  The record supports the victims' need for continued mental health treatment,

9   and $5,000 would provide the funds needed to cover fifteen sessions of individual psychotherapy

10  and family therapy.  The Court found this amount of restitution and treatment proportional to

11  Defendant's conduct in this case.  While the victim of the "Vicky" series requested additional

12  restitution, the Court found $5,000 appropriate in this particular case after carefully parsing out the

13  impact of this specific Defendant's conduct from the impact of other offenders' production and

14  possession of the victim's image.

15          Therefore, for all the reasons stated on the record and in this Order, the Court **ORDERS**

16  restitution as follows:

17          1.  $5,000 to the victim of the "aprilblonde" series;

18          2.  $5,000 to the victim of the "Vicky" series; and

19          3.  $3,000 to each of the remaining fourteen victims.

20      The Court sets the rate of restitution at $50 per month.

21      **IT IS SO ORDERED.**

22  Dated: July 18, 2024

23

24

25  EDWARD J. DAVILA
    United States District Judge

26

27

28  Case No.: 5:23-cr-00312-EJD-1
    RESTITUTION ORDER

    4

United States District Court
Northern District of California